FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2010 SEP 27 PM 12:39

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS. FLORIDA

GEORGE & COMPANY, LLC,
a New York limited
liability corporation,

    Plaintiff,

2:10-cv-596-FtM-29SPC

v.                CIVIL ACTION NO. _____

RIP LIPS GUIDE SERVICE,
a Connecticut business entity,
**ETHAN RASKIND**, an individual,
and **VARIOUS JOHN DOES, JANE DOES,**
and **ABC COMPANIES,**

    Defendants,

_____/

## VERIFIED COMPLAINT

### INJUNCTIVE RELIEF SOUGHT

Plaintiff, **GEORGE & COMPANY, LLC**, a New York limited liability corporation, (hereinafter "Plaintiff") by and through its undersigned counsel, hereby files this Complaint against Defendants, **RIP LIPS GUIDE SERVICE**, a Connecticut business entity, **ETHAN RASKIND**, an individual, and **VARIOUS JOHN DOES, JANE DOES** and **ABC COMPANIES**, (hereinafter collectively referred to as "Defendants"), for Federal

Page 1

Trademark Infringement, Federal Unfair Competition, Federal False Designation of Origin, Federal False and Misleading Description of Fact, Federal False or Misleading Representation of Fact, Federal Passing Off, Trade Dress Infringement, Counterfeiting, Copyright Infringement, Florida Trade Name Infringement, Florida Trademark Infringement, Florida Unfair Competition, Florida Deceptive and Unfair Business Practices, Florida Unjust Enrichment, Florida Misappropriation, Florida False Designation of Origin, Florida False and Misleading Description of Fact and Florida Passing Off and alleges the following:

## JURISDICTION

1.  This is a Complaint for Federal Trademark Infringement, Federal Unfair Competition, Federal False Designation of Origin, Federal False and Misleading Description of Fact, Federal False or Misleading Representation of Fact, Federal Passing Off, Trade Dress Infringement, Counterfeiting, Copyright Infringement, Florida Trade Name Infringement, Florida Trademark Infringement, Florida Unfair Competition, Florida Deceptive and Unfair Business Practices, Florida Unjust Enrichment, Florida Misappropriation, Florida False Designation of

Origin, Florida False and Misleading Description of Fact and Florida Passing Off.

2. This Court has original jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C., §§ 1116, 1117, 1119, 1121 and 1125, 17 U.S.C. § 101 and related statutes.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum of TWO MILLION DOLLARS ($2,000,000.00).

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(a), in that Plaintiff's claim arises in this District.

## PARTIES

5. Plaintiff is a New York limited liability corporation, with its principal place of business in Naples, Florida and does business within this Middle District.

6. Upon information and belief, Defendant, **RIP LIPS GUIDE SERVICE**, is a Connecticut business entity and, at all time material to the issues herein, did and currently does business within this Middle District.

7. Upon information and belief, Defendant, **ETHAN RASKIND**, at all time material to issues herein, was doing

business as and/or was an active, conscious and dominant force behind the activities of Defendant, **RIP LIPS GUIDE SERVICE**.

8.  Defendants, **VARIOUS JOHN DOES, JANE DOES,** and **ABC COMPANIES,** upon information and belief, are individuals and/or business entities who, along with the other herein named Defendants, have engaged in the unauthorized and illegal acts complained of herein. The identities of these unnamed Defendants and the details of their legal associations with the named Defendants herein presently are not and cannot be known to Plaintiff.

9.  Upon information and belief, all Defendants, either individually and/or acting by and through their principals, officers, agents, employees and other active, conscious and dominant forces behind their activities have committed the acts complained of herein in interstate commerce.

10. Upon information and belief, all Defendants, either individually or acting by and through their principals, officers, agents, employees and other active, conscious and dominant forces behind their activities have committed the acts complained of herein in this Middle

District for their individual gain and profit, and are subject to the jurisdiction of this Court.

## PLAINTIFF AND ITS SUCCESS IN THE INDUSTRY

11. Plaintiff is a highly successful and respected business engaged primarily in the sale of dice games, board games and novelty entertainment products and many related items of goods and merchandise.

12. Plaintiff's goods are offered to the public by many and various means and modes in Southwest Florida, the State of Florida, and throughout the United States in interstate commerce.

13. Plaintiff, **GEORGE & COMPANY, LLC,** is a shining example of the American success story and embodies the entrepreneurial spirit of this country.  Plaintiff was founded in Buffalo, New York in 1919 by an emigrant, George Smilanich, and since that time it has grown to become a successful and respected company engaged in the sale of dice games, party games, board games and novelty entertainment products which are extensively marketed to the public under Plaintiff's Marks, as are defined and described in more detail hereafter.

14. Since 1986, Plaintiff has been and is widely known

throughout the toy and game industry as the originator and innovator of the highly popular dice game referred to as LCR®, LEFT CENTER RIGHT™, LEFT! CENTER! RIGHT!™, LEFT, CENTER, OR RIGHT - DON'T LOSE YOUR CHIPS!™.

15. Plaintiff has advertised and sold millions of units of this original dice game, including but not limited to Plaintiff's many distributors and retailers as well as on Plaintiff's internet website located at www.dicegames.com, and at major national retailers such as Target, WalMart, Meijer, Walgreens, Bed Bath & Beyond, Barnes & Noble, Spencer's gifts and Party City.

16. Plaintiff's best selling dice game has been the subject of a great deal of public acclaim and unsolicited publicity, including on the November 23, 2006, episode of the popular "Rachael Ray Show", which was televised nationally and also appears on the show's website located at www.rachaelrayshow.com.

17. More recently, Plaintiff's dice game was featured in the 2007, 2008, and 2009 issues of TDmonthly Magazine, a trade magazine for the toy, hobby, game and gift industry, was listed as one of the "Top 10 Most Wanted Games", and quoted certain retailers as identifying

Plaintiff's game as their number 1 and biggest seller.

18. Plaintiff's sales have steadily increased every year and, as part of its commercial activities, Plaintiff also markets its dice game to other authorized companies for use as co-branded promotional products.

19. Plaintiff's favorable public reputation and commercial successes are well known to the consuming public as well as to its competitors, including to Defendants.

20. Since its inception, Plaintiff has worked hard to separate itself from the competition and the commercial identity and resultant valuable goodwill associated with its business has resulted in millions of customers and considerable acclaim, unsolicited publicity and great public acceptance.

21. Plaintiff's success, enviable reputation and approach to providing the public with the highest quality goods have made it a leader in its field. Its success is due, in large part to the diligence and hard work of its people but is also due to its use of valuable intellectual property, including its trademarks, trade dress and copyrights, which are used and displayed by Plaintiff in such a manner so as to be designations of

origin and to separate it from its competition.

## PLAINTIFF'S INTELLECTUAL PROPERTY RIGHTS

22. Plaintiff is the owner of all right, title, and interest in the trademarks, LCR®, LEFT CENTER RIGHT™, LEFT! CENTER! RIGHT!™, LEFT, CENTER, OR RIGHT - DON'T LOSE YOUR CHIPS!™, and various other design marks and related marks, including United States Trademark Registration No. 3801144 for GEORGE & COMPANY GAMES SINCE 1919® and design, Registration No. 2802321 for LCR® and design, (a registration which has become incontestable pursuant to the Federal Trademark Act) and United States Trademark Registration No. 2989658 for LCR® for dice games, party games and board games featuring specially marked dice and chips (hereinafter the "Plaintiff's Marks").

23. Plaintiff offers to the consuming public, under Plaintiff's Marks and numerous other designations of origins, marks, games, dice games, party games, board games featuring specially marked dice and chips, and related goods, (hereinafter the "Genuine Products").

24. Plaintiff's Marks are well known to the public, are

legally subsisting and enforced by Plaintiff to prevent public confusion over the source of Plaintiff's dice game and illegal and infringing use by competitors.

25. Plaintiff's goods have been widely advertised and extensively offered for sale under the Plaintiff's Marks. Throughout the United States, Plaintiff's Marks have been used in interstate commerce by Plaintiff since at least as early as 1986, and Plaintiff's Marks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality goods, and its goodwill.

26. Plaintiff enjoys considerable success and an enviable reputation in its business and commercial enterprises due in large part to its use of, and rights in, Plaintiff's Marks.

27. Plaintiff has made considerable expenditures to achieve the success it now enjoys. As a result of Plaintiff's investment, Plaintiff's Marks have become synonymous with high quality goods in its industry and related fields and industries, and the Genuine Products have become well known, are the subject of a great deal of

public acclaim, including unsolicited public acclaim, and are in great demand throughout the world.

28. Plaintiff's Marks have been extensively and continuously advertised to the public through various means and modes, including over the internet. By reason of such advertising, the public has come to recognize Plaintiff's goods as emanating from Plaintiff.

29. In connection with the sale of its dice game, Plaintiff is additionally the owner of all right, title and interest in certain Trade Dress and Copyrighted Works which have become, through widespread and favorable public acceptance and recognition, assets of substantial value and symbols of Plaintiff, its quality goods, and its goodwill.

30. Plaintiff enjoys considerable success and an enviable reputation in its business and commercial enterprises due in large part to its investments in, use of, and rights in, Plaintiff's proprietary and protected Trade Dress and Copyrighted Works.

31. Plaintiff enforces its rights in Plaintiff's Marks, Genuine Products, Trade Dress and Copyrighted Works,

generally referred to as Plaintiff's intellectual property, to protect itself and the public from infringers and in order to ensure Plaintiff's continued success and excellent reputation.

## ILLEGAL ACTS OF DEFENDANTS

32. Upon information and belief, Defendants are and have been, openly, regularly and actively engaged in the unauthorized, infringing, unlicensed, and imitative use of the same, and/or confusingly similar trademarks, LEFT CENTER RIGHT, LCR and GEORGE & COMPANY GAMES SINCE 1919 and design, (hereinafter the "Infringing Marks"), for the same or similar goods, in the same or similar geographic areas, in commercial advertising and in direct competition with Plaintiff.

33. Upon information and belief, Defendants are widely offering for sale to the public their goods under the Infringing Marks, in interstate commerce by various means and modes, including but not limited to the offering and delivery of goods to residents of the state of Florida.

34. This public offering for sale of competing goods under the Infringing Marks is and has been without the

consent, permission or authority of Plaintiff, as Defendants do not have any legitimate rights in or licenses to the Infringing Marks.

35. The Infringing Marks have been used by Defendants and offered to the public utilizing this District as a forum for their infringing activities with knowledge of the source of the Infringing Marks and of the fact that the Infringing Marks are neither genuine nor authorized by Plaintiff.

36. Defendants have engaged in the transaction of business and the commission of tortious acts in Florida, and are subject to the jurisdiction of this Court.

37. By using the Infringing Marks and offering goods for sale thereunder, Defendants have misrepresented and falsely described to the general public the origin and source of Defendants' goods so as to deceive the public and deliberately create the likelihood of confusion, including but not limited to initial interest confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, or commercial activities

by the ultimate purchaser as to both the source and sponsorship of Defendants' goods.

38. Upon information and belief, Defendants' goods offered under the Infringing Marks, to the extent that they are not the genuine article of Plaintiff and not fully authorized by Plaintiff, are or may be inferior in quality to the goods authorized to be sold by Plaintiff, and the sale thereof has, does, and will continue to damage and dilute the goodwill Plaintiff has developed in connection with offering legitimate, authorized goods under Plaintiff's Marks.

39. Defendants, upon information and belief and with full knowledge of the notoriety of Plaintiff's Marks, intended to, and did, trade on the goodwill associated with Plaintiff, and have misled and will continue to confuse, deceive and mislead the public into assuming a connection between Plaintiff's and Defendants' goods by Defendants' offering to the public of their goods under the Infringing Marks.

40. Defendants have advertised, distributed, offered for sale, and/or sold in the State of Florida and in interstate commerce, related goods under the Infringing

Marks which are confusingly similar to Plaintiff's Marks, thus creating the likelihood of confusion, deception, and mistake as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities.

41. The use by Defendants of the Infringing Marks constitutes a knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates Defendants' goods offered to the public by Defendants as originating from, or connected with, Plaintiff, and constitutes utilizing false descriptions of fact or misrepresentations in commerce.

42. The imitation, reproduction, and unauthorized use of the Infringing Marks causes irreparable injury to Plaintiff, including injury to its business reputation and dilution of the distinctive quality of Plaintiff's Marks.

43. Defendants' use of the Infringing Marks has, does, and is likely to permit Defendants to pass off their goods as those of Plaintiff's, all to the detriment of

Plaintiff and to the unjust enrichment of Defendants.

44. Defendants' use of the Infringing Marks has caused, does cause, and is likely to continue to cause, damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its goods.

45. Upon information and belief, Defendants have further engaged in multiple acts of infringement of Plaintiff's Trade Dress and Copyrighted Works, which has caused, does cause, and is likely to continue to cause, damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its goods.

46. Upon information and belief, Defendants have further engaged in counterfeiting and passed off their goods in interstate commerce as those of Plaintiff by their many and continuing misrepresentations to the consuming public, members of which are likely to, and do, believe that Defendants' goods are related to, emanate from or are associated with Plaintiff.

47. Defendants' unlawful activities results in irreparable harm and injury to Plaintiff. Among other harms, it:

    a. deprives Plaintiff of its absolute right to determine the manner in which its goods are presented to the general public;

b.    deceives the public as to the origin and sponsorship of such goods;

c.    wrongfully trades upon and cashes in on Plaintiff's reputation and exclusive rights in its trademarks, trade dress and copyrights;

d.    to the extent Defendants' goods are or may be of inferior quality or unauthorized for sale or distribution, irreparably harms and injures Plaintiff's reputation; and

48.  Among the other relief sought herein, Plaintiff is entitled to an injunction restraining Defendants, their principals, officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, from engaging in any further acts in violation of the applicable law, including but not limited to 15 U.S.C. §§ 1116, 1117 and 1125 and 17 U.S.C. § 101.

49.  Plaintiff is further entitled to recover from Defendants the damages available under the applicable laws, including but not limited to actual damages, treble damages and/or statutory damages, interest, and attorney fees and costs it has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of the acts as alleged herein.  At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by

Plaintiff.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1117 and 1125)

50. Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

51. Defendants' acts, as alleged herein, with respect to Defendants' infringement of Plaintiff's Marks, are likely to cause public confusion, mistake, or deception, and constitute trademark infringement in violation of 15 U.S.C. § 1117 and § 1125.

52. Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

53. As a result, Plaintiff has suffered damages with interest.

54. Plaintiff has no adequate, complete remedy at law.

**WHEREFORE,** Plaintiff demands judgment against Defendants, including:

    a. a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants,

employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i.      from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Marks, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Marks, or Plaintiff's forms of advertisement;

ii.     from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii.     from directly or indirectly using the Infringing Marks or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.     from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.     from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.      to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.     to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.    an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.    all monetary damages suffered by Plaintiff;

d.    an award of attorneys fees and costs pursuant to 15 U.S.C. § 1117; and

e.    such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125)

55. Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

56. Defendants' acts, as alleged herein, constitute unfair competition, of which is likely to cause confusion, mistake or deception in violation of 15 U.S.C. § 1125.

57. Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

58. As a result, Plaintiff has suffered damages with interest.

59. Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a. a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i. from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of

Page 20

Defendants with Plaintiff or Plaintiff's Marks, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Marks, or Plaintiff's forms of advertisement;

ii. from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii. from directly or indirectly using the Infringing Marks or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv. from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v. from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi. to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly

similar variant;

vii. to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii. to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b. an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c. all monetary damages suffered by Plaintiff;

d. an award of attorneys fees and costs pursuant to 15 U.S.C. §§ 1117 and 1125; and

e. such other interlocutory and permanent relief as this Court may deem just and proper.

### COUNT III
### FEDERAL FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125)

60. Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

61. Defendants' acts, as alleged herein, constitute a false designation of origin, of which is likely to cause

confusion, mistake or deception in violation of

15 U.S.C. § 1125.

62. Defendants' acts, as alleged herein, have caused

irreparable injury and damage to Plaintiff and, unless

restrained, will continue to do so.

63. As a result, Plaintiff has suffered damages with

interest.

64. Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against

Defendants, including:

a.  a preliminary and permanent injunction enjoining
    and restraining Defendants and their officers,
    directors, principals, agents, servants,
    employees, successors, assigns, attorneys, and all
    those persons in active concert or participation
    therewith who received actual notice of this
    Court's orders:

   i.    from causing likelihood of confusion, or
         causing mistake, or to deceive as to the
         affiliation, connection, or association of
         Defendants with Plaintiff or Plaintiff's
         Marks, or as to the origin, sponsorship,
         or approval of his or her goods, services,
         or commercial activities, or causing
         injury to business reputation, or dilution
         of the distinctiveness of Plaintiff's
         Marks, or Plaintiff's forms of
         advertisement;

   ii.   from directly or indirectly falsely
         designating or representing that any goods
         or services are authorized, approved,
         associated with, or originating from,

Plaintiff;

iii.    from directly or indirectly using the Infringing Marks or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.    from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.    from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.    to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath

and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.    an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.    all monetary damages suffered by Plaintiff;

d.    an award of attorneys fees and costs pursuant to 15 U.S.C. § 1117; and

e.    such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT IV
## FEDERAL FALSE AND MISLEADING DESCRIPTION OF FACT
## (15 U.S.C. § 1125)

65.  Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

66.  Defendants' acts, as alleged herein, constitute a false and misleading description of fact, of which is likely to cause confusion, mistake or deception in violation of 15 U.S.C. § 1125.

67.  Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

68.  As a result, Plaintiff has suffered damages with

interest.

69. Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a. a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

   i. from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Marks, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Marks, or Plaintiff's forms of advertisement;

   ii. from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

   iii. from directly or indirectly using the Infringing Marks or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

   iv. from utilizing the Infringing Marks or any confusingly similar variant in any shape

or manner;

v.       from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.      to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.     to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.   an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.   all monetary damages suffered by Plaintiff;

d.   an award of attorneys fees and costs pursuant to 15 U.S.C. § 1117; and

e.    such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT V
## FEDERAL FALSE OR MISLEADING REPRESENTATION OF FACT
## (15 U.S.C. § 1125)

70.    Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

71.    Defendants' acts, as alleged herein, constitute a false or misleading representation of fact, of which is likely to cause confusion, mistake or deception in violation of 15 U.S.C. § 1125.

72.    Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

73.    As a result, Plaintiff has suffered damages with interest.

74.    Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.    a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all

those persons in active concert or participation therewith who received actual notice of this Court's orders:

i.       from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Marks, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Marks, or Plaintiff's forms of advertisement;

ii.      from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii.     from directly or indirectly using the Infringing Marks or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.      from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.       from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

  vi.  to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

  vii.  to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

  viii.  to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b. an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c. all monetary damages suffered by Plaintiff;

d. an award of attorneys fees and costs pursuant to 15 U.S.C. § 1117; and

e. such other interlocutory and permanent relief as this Court may deem just and proper.

**COUNT VI**
**FEDERAL PASSING OFF**
**(15 U.S.C. § 1125)**

75. Plaintiff repeats and realleges all of the above

paragraphs of this Complaint as if fully set forth herein.

76. Defendants' acts, as alleged herein, constitute passing off, which is likely to cause confusion, mistake or deception in violation of 15 U.S.C. § 1125.

77. Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

78. As a result, Plaintiff has suffered damages with interest.

79. Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a. a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i. from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Marks, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Marks, or Plaintiff's forms of

        advertisement;

ii.      from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii.     from directly or indirectly using the Infringing Marks or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.     from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.      from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.     to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

      viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.    an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.    all monetary damages suffered by Plaintiff;

d.    an award of attorneys fees and costs pursuant to 15 U.S.C. § 1117; and

e.    such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT VII
## TRADE DRESS INFRINGEMENT

80. Plaintiffs have protectable trade dress rights in the display of Plaintiffs' game, (hereinafter "Plaintiff's Trade Dress"), which is unique, highly distinctive, non-functional and, through widespread use and public acceptance, has attained the requisite degree of secondary meaning in the marketplace.

81. Defendants are, and have been, regularly and actively engaged in the unauthorized, infringing, unlicensed, and imitative use of Plaintiff's Trade Dress

(hereinafter the "Infringing Trade Dress").

82. This offering for sale to the public of competing goods using Plaintiff's Trade Dress is, and has been, without permission or authority of Plaintiff and without any legitimate license to Plaintiff's Trade Dress.

83. By using Plaintiff's Trade Dress and offering goods for sale, Defendants have misrepresented and falsely described to the general public the origin and source of Defendants' goods so as to deceive the public and deliberately create the likelihood of confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by the ultimate purchaser as to both the source and sponsorship of Defendants' goods.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.  a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i.      from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Trade Dress, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Trade Dress, or Plaintiff's forms of advertisement;

ii.     from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii.    from directly or indirectly using the Infringing Trade Dress or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.     from utilizing the Infringing Trade Dress or any confusingly similar variant in any shape or manner;

v.      from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Trade Dress or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.     to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in,

Defendants' respective possession, custody, or control and which bear the Infringing Trade Dress or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Trade Dress or any confusingly similar variant is not connected with Plaintiff;

viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.    an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.    all monetary damages suffered by Plaintiff;

d.    an award of attorneys fees and costs pursuant to 15 U.S.C. § 1125; and

e.    such other interlocutory and permanent relief as this Court may deem just and proper.

### COUNT VIII
### FEDERAL COUNTERFEITING
### (15 U.S.C. § 1116(d))

84.    Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

85. Defendants' acts, as alleged herein, constitute counterfeiting under 15 U.S.C. § 1116(d), et seq.

86. Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

87. As a result, Plaintiff is entitled to statutory damages under 15 U.S.C. § 1117©) plus destruction of all goods bearing the Infringing Marks.

88. Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a. a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i. from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Marks, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Marks, or Plaintiff's forms of advertisement;

ii. from directly or indirectly falsely designating or representing that any goods

Page 37

or services are authorized, approved, associated with, or originating from, Plaintiff;

iii.    from directly or indirectly using the Infringing Marks or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.    from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.    from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.    to fully deliver up to Plaintiff, for destruction, all manners of literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of

entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.    an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.    an award of statutory damages of $2,000,000.00 per occurrence

d.    all monetary damages suffered by Plaintiff;

e.    an award of attorneys fees and costs pursuant to 15 U.S.C. § 1117; and

f.    such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT IX
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101, et seq.

89. Plaintiff repeats and incorporates all of the above paragraphs and allegations of this Complaint as if fully set forth herein.

90. Plaintiff is also the valid copyright owner for its instructions for its LCR dice game referred to above (hereinafter the "Copyrighted Work"). Plaintiff's United States Copyright Registration is No. TX-3-437-323, **Exhibit 1.**

91. Upon further information and belief, Defendants had access to the Copyrighted Work and have been and are regularly and actively engaged in the unauthorized, infringing and unlicensed sale, reproduction, copying and distribution of the Copyrighted Work or substantially similar copies thereof.

92. This sale and distribution of the Copyrighted Work is, and will be, without the permission or authority of Plaintiff and without any legitimate license to the Copyrighted Work.

93. Defendants' acts, as alleged herein, constitute copyright infringement in violation of 17 U.S.C. § 101 et seq.

94. Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

95. As a result, Plaintiffs have suffered damages with interest.

**WHEREFORE,** Plaintiff demands judgment against Defendants, including:

    a.    a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all

those persons in active concert or participation therewith who received actual notice of this Court's orders, from:

i.      imitating, copying, adapting, modifying, making a derivative from, or making unauthorized use of the Copyrighted Works;

ii.     producing, advertising, distributing, offering for sale, or selling the Infringing Works; and

iii.    publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Copyrighted Works;

b.     an Order that Defendants deliver for destruction or impoundment all infringing materials of the Copyrighted Works described herein, including advertisements depicting the Copyrighted Works described herein, in their possession or under their control;

c.     an Order that Defendants be required to account for, and relinquish to Plaintiff, all gains, profits, and advantages derived by Defendants through their infringement of the Plaintiff's rights;

d.     an Order that Defendants be directed to file with this Court, and serve on Plaintiff within thirty (30) days after the service of an injunction, a report, in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

e.     an award to Plaintiff of its lost profits, present and future, due to Defendants' infringement of the Copyrighted Works described herein after an accounting;

f.    recovery by Plaintiff of its costs in this action, including its reasonable attorneys fees;

g.    recovery by Plaintiff of all applicable statutory damages, punitive or treble damages; and

h.    any such other and further relief as the Court may deem just and proper.

## COUNT X
## FLORIDA TRADE NAME INFRINGEMENT
## (Florida Statutes § 495.151)

96. Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

97. Defendants' acts, as alleged herein, constitute an infringement of Plaintiff's rights in and to its trade name as set forth in Florida Statutes § 495.151 et seq.

98. Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

99. As a result, Plaintiff has suffered damages with interest.

100. Plaintiff has no adequate complete remedy at law.

WHEREFORE, Plaintiff demands judgment against Defendants, including:

a.   a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

   i.   from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Marks, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Marks, or Plaintiff's forms of advertisement;

   ii.   from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

   iii.   from directly or indirectly using the Infringing Marks or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

   iv.   from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

   v.   from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from

otherwise unfairly competing in any way with Plaintiff;

vi.   to deliver up to Plaintiff all literature, printed matter, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.   to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.   to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.   an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.   all monetary damages suffered by Plaintiff;

d.   an award of attorney's fees and costs; and

e.   such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT XI
## FLORIDA TRADEMARK INFRINGEMENT

101. Plaintiff repeats and realleges all of the above

paragraphs of this Complaint as if fully set forth herein.

102. Defendants' acts as alleged herein are likely to cause public confusion, mistake, and/or deception, and constitute trademark infringement in violation of Florida law.

103. Defendants' acts as alleged herein have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

104. As a result, Plaintiff has suffered damages with interest.

105. Plaintiff has no adequate complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.   a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

   i.      from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Marks, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution

of the distinctiveness of Plaintiff's Marks, or Plaintiff's forms of advertisement;

ii.    from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii.    from directly or indirectly using the Infringing Marks or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.    from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.    from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.    to deliver up to Plaintiff all literature, printed matter, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

       viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.    an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.    all monetary damages suffered by Plaintiff;

d.    an award of attorneys fees and costs; and

e.    such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT XII
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES
## (Florida Statutes § 501.204 et seq.)

106. Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

107. Defendants' deceptive, unfair and commercially exploitive acts, as alleged herein, were in bad faith and are in violation of the Florida Deceptive and Unfair Trade Practices Act, in violation of Florida Statutes § 501.204, et seq.

108. Defendants' acts, as alleged herein, have caused irreparable injury to Plaintiff, and, unless restrained, will continue to do so.

109. As a result, Plaintiff has suffered damages with interest.

110. Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.  a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i.  from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Marks, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Marks, or Plaintiff's forms of advertisement;

ii.  from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii.  from directly or indirectly using the

Infringing Marks or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.    from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.    from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.    to deliver up to Plaintiff all literature, printed matter, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

Page 49

b.    an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.    all monetary damages suffered by Plaintiff;

d.    an award of punitive or exemplary damages;

e.    an award of attorneys fees and costs; and

f.    such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT XIII
## FLORIDA INJURY TO BUSINESS REPUTATION AND DILUTION
## (Florida Statutes § 495.151 et seq.)

111. Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

112. Defendants' acts, as alleged herein, have caused, and are likely to cause, damage to Plaintiff by tarnishing Plaintiff's valuable reputation and by diluting the distinctiveness of Plaintiff's Mark in violation of Florida Statutes § 495.151 et seq.

113. Defendants' acts, as alleged herein, have caused irreparable injury to Plaintiff, and, unless restrained, will continue to do so.

114. As a result, Plaintiff has suffered damages with interest.

115. Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against

Defendants, including:

a.   a preliminary and permanent injunction enjoining
     and restraining Defendants and their officers,
     directors, principals, agents, servants,
     employees, successors, assigns, attorneys, and all
     those persons in active concert or participation
     therewith who received actual notice of this
     Court's orders:

  i.      from causing likelihood of confusion, or
          causing mistake, or to deceive as to the
          affiliation, connection, or association of
          Defendants with Plaintiff or Plaintiff's
          Marks, or as to the origin, sponsorship,
          or approval of his or her goods, services,
          or commercial activities, or causing
          injury to business reputation, or dilution
          of the distinctiveness of Plaintiff's
          Marks, or Plaintiff's forms of
          advertisement;

  ii.     from directly or indirectly falsely
          designating or representing that any goods
          or services are authorized, approved,
          associated with, or originating from,
          Plaintiff;

  iii.    from directly or indirectly using the
          Infringing Marks or any confusingly
          similar variant, which is likely to cause
          confusion or further irreparable harm to
          Plaintiff's business reputation or
          goodwill;

  iv.     from utilizing the Infringing Marks or any
          confusingly similar variant in any shape
          or manner;

v.      from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.     to deliver up to Plaintiff all literature, printed matter, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.   to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.   an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.   all monetary damages suffered by Plaintiff;

d.   an award of attorneys fees and costs; and

e.   such other interlocutory and permanent relief as this Court may deem just and proper.

Page 52

## COUNT XIV
## FLORIDA UNFAIR COMPETITION

116. Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

117. Defendants' acts, as set forth herein, constitute, under the Florida common law, Florida unfair competition in violation of the Florida common law.

118. Defendants' acts, as alleged herein, have caused irreparable injury to Plaintiff and, unless restrained, will continue to do so.

119. As a result, Plaintiff has suffered damages with interest.

120. Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a. a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

   i. from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of

Defendants with Plaintiff or Plaintiff's Marks, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Marks, or Plaintiff's forms of advertisement;

ii.    from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii.    from directly or indirectly using the Infringing Marks or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.    from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.    from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.    to deliver up to Plaintiff all literature, printed matter, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.    an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.    all monetary damages suffered by Plaintiff;

d.    an award of attorneys fees and costs; and

e.    such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT XV
## UNJUST ENRICHMENT

121. Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

122. Defendants' acts, as set forth herein, result in unjust enrichment to the Defendants, in violation of the Florida common law.

123. Defendants' acts, as alleged herein, have caused irreparable injury to Plaintiff and, unless restrained, will continue to do so.

124. As a result, Plaintiff has suffered damages with interest.

125. Plaintiff has no adequate, complete remedy at law.

WHEREFORE, Plaintiff demands judgment against Defendants, including:

a.   a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

   i.   from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Marks, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Marks, or Plaintiff's forms of advertisement;

   ii.   from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

   iii.   from directly or indirectly using the

Infringing Marks or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.    from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.    from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.    to deliver up to Plaintiff all literature, printed matter, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

    b.    an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

    c.    all monetary damages suffered by Plaintiff;

    d.    an award of attorneys fees and costs; and

    e.    such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT XVI
## FLORIDA MISAPPROPRIATION

126. Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

127. Defendants' acts, as set forth herein, constitute misappropriation in violation of the Florida common law.

128. Defendants' acts, as alleged herein, have caused irreparable injury to Plaintiff and, unless restrained, will continue to do so.

129. As a result, Plaintiff has suffered damages with interest.

130. Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.  a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

   i.  from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Marks, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Marks, or Plaintiff's forms of advertisement;

   ii.  from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

   iii.  from directly or indirectly using the Infringing Marks or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

   iv.  from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

   v.  from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from

Page 59

otherwise unfairly competing in any way with Plaintiff;

vi.      to deliver up to Plaintiff all literature, printed matter, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.     to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant is not connected with Plaintiff;

viii.    to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.   an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.   all monetary damages suffered by Plaintiff;

d.   an award of attorneys fees and costs; and

e.   such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT XVII
### FLORIDA FALSE DESIGNATION OF ORIGIN

131. Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

132. Defendants' acts, as set forth herein, constitute false designation of origin in violation of the Florida common law.

133. Defendants' acts, as alleged herein, have caused irreparable injury to Plaintiff and, unless restrained, will continue to do so.

134. As a result, Plaintiff has suffered damages with interest.

135. Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

    a.    a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

        i.    from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's

Marks, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Marks, or Plaintiff's forms of advertisement;

ii.     from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii.    from directly or indirectly using the Infringing Marks or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.     from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.      from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.     to deliver up to Plaintiff all literature, printed matter, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.   to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.   an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.   all monetary damages suffered by Plaintiff;

d.   an award of attorneys fees and costs; and

e.   such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT XVIII
## FLORIDA FALSE AND MISLEADING DESCRIPTION

136. Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

137. Defendants' acts, as set forth herein, constitute, false and misleading description of fact in violation of the Florida common law.

138. Defendants' acts, as alleged herein, have caused

irreparable injury to Plaintiff and, unless restrained, will continue to do so.

139. As a result, Plaintiff has suffered damages with interest.

140. Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.  a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

   i.   from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Marks, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Marks, or Plaintiff's forms of advertisement;

   ii.  from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

   iii. from directly or indirectly using the Infringing Marks or any confusingly similar variant, which is likely to cause

confusion or further irreparable harm to
Plaintiff's business reputation or
goodwill;

iv.     from utilizing the Infringing Marks or any
        confusingly similar variant in any shape
        or manner;

v.      from publishing, assembling, marketing,
        distributing, or otherwise utilizing any
        literature, business forms, printed
        matter, signs, or any other
        representations, regardless of the medium,
        which bear the Infringing Marks or any
        confusingly similar variant, and from
        otherwise unfairly competing in any way
        with Plaintiff;

vi.     to deliver up to Plaintiff all literature,
        printed matter, business forms, signs, and
        any other representations, regardless of
        form, which are in, or come to be in,
        Defendants' respective possession,
        custody, or control and which bear the
        Infringing Marks or any confusingly
        similar variant;

vii.    to notify their direct customers, agents,
        and representatives that the Infringing
        Marks or any confusingly similar variant
        are not connected with Plaintiff;

viii.   to immediately institute full compliance
        with any order entered by this Court, and,
        within thirty days following the date of
        entry of any preliminary or permanent
        injunctive relief issued by this Court,
        propound and file a statement, under oath
        and penalty of perjury, that each and
        every injunctive provision has been fully
        and completely complied with;

b.   an accounting and payment of all profits gained by
     Defendants while engaging in the acts complained

Page 65

of herein;

c.   all monetary damages suffered by Plaintiff;

d.   an award of attorneys fees and costs; and

e.   such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT XIX
## FLORIDA PASSING OFF

141. Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein.

142. Defendants' acts, as set forth herein, constitute, passing off in violation of the Florida common law.

143. Defendants' acts, as alleged herein, have caused irreparable injury to Plaintiff and, unless restrained, will continue to do so.

144. As a result, Plaintiff has suffered damages with interest.

145. Plaintiff has no adequate, complete remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, including:

a.   a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants,

employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i.      from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Marks, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Marks, or Plaintiff's forms of advertisement;

ii.     from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

iii.    from directly or indirectly using the Infringing Marks or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.     from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

v.      from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.     to deliver up to Plaintiff all literature, printed matter, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

vii.    to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

viii.   to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.   an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.   all monetary damages suffered by Plaintiff;

d.   an award of attorneys fees and costs; and such other interlocutory and permanent relief as this Court may deem just and proper.

Respectfully submitted,

/s/JENNIFER L. WHITELAW
JENNIFER L. WHITELAW
WHITELAW LEGAL GROUP
Trial Counsel for Plaintiff
**GEORGE & COMPANY, LLC**
Florida Bar No. 0938629

3838 Tamiami Trail North
Third Floor
Naples, Florida 34103
Telephone:  239-262-1001
Facsimile:  239-261-0057
Email: usdcmail@whitelawfirm.com

## VERIFICATION

I DECLARE, under penalty of perjury, that I am duly authorized in the premises, have read the foregoing Complaint and that the same is true and correct.

Executed this 23rd day of _September_, 2010.

GEORGE & COMPANY, LLC

By: _____

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.



**REGISTER OF COPYRIGHTS**
*United States of America*

## FORM TX
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**TX   3-437-323**

TX          TXU

EFFECTIVE DATE OF REGISTRATION

SEPTEMBER   18   1992

| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**

L-C-R Game Rules

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

**a    NAME OF AUTHOR ▼**

George and Company

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

N/A

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of ▶
Domiciled in ▶ United States

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☒ No
Pseudonymous?   ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NOTE

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

Entire Text

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

---

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1992 ◀ Year

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
▶ September   ▶ 1   ▶ 1992
United States   ◀ Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

George and Company
650 Main Street
Buffalo, New York 14202

APPLICATION RECEIVED
SEP 18 1992
ONE DEPOSIT RECEIVED
SEP 18 1992
TWO DEPOSITS RECEIVED
REMITTANCE NUMBER AND DATE

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-11) on the reverse side of this page.   DO NOT WRITE HERE

EXHIBIT 1

*Amended by C.O. Authority telephone conversation with
Leslie Mark Greenburm on November 16, 1992 for
GEORGE AND COMPANY.

TX   3-437-323

EXAMINED BY                                     /RD-1   FORM TX

CHECKED BY

☐ CORRESPONDENCE
   Yes                                                  FOR
                                                   COPYRIGHT
                                                     OFFICE
                                                      USE
                                                      ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
☐ This is the first published edition of a work previously registered in unpublished form.
☐ This is the first application submitted by this author as copyright claimant.
☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼        Year of Registration ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼
   N/A

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼
   N/A

—space deleted—

**REPRODUCTION FOR USE OF BLIND OR PHYSICALLY HANDICAPPED INDIVIDUALS**  A signature on this form at space 10, and a check in one of the boxes here in space 8, constitutes a non-exclusive grant of permission to the Library of Congress to reproduce and distribute solely for the blind and physically handicapped and under the conditions and limitations prescribed by the regulations of the Copyright Office: (1) copies of the work identified in space 1 of this application in Braille (or similar tactile symbols); or (2) phonorecords embodying a fixation of a reading of that work; or (3) both.
a ☐ Copies and Phonorecords        b ☐ Copies Only        c ☐ Phonorecords Only

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                    Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼
Gross, Shuman, Brizdle & Gilfillan, P.C.  (Attention: Leslie Mark Greenbaum)
465 Main Street, Suite 600
Buffalo, New York 14203-1787
                 Area Code & Telephone Number ▶
                                716-854-4300

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of  George and Company
   Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Leslie Mark Greenbaum                                    date ▶ 9/15/92

Handwritten signature (X) ▼

**MAIL CERTIFICATE TO**
Name ▼
Leslie Mark Greenbaum, Esq.
Gross, Shuman, Brizdle & Gilfillan, P.C.
Number/Street/Apartment Number ▼
465 Main Street, Suite 600
City/State/ZIP ▼
Buffalo, New York 14203-1787

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 10
**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Non-refundable $10 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material
**MAIL TO:**
Register of Copyrights
Library of Congress
Washington, D.C. 20559

Certificate will be mailed in window envelope

17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

EXHIBIT 1